UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA NURSES ASSOCIATION
5100 Wisconsin Avenue, NW   Suite 306
Washington DC 20016

                Plaintiff,

v.

HERMAN BROWN
6423 Spring Forest Road
Frederick, Maryland   21701

                Defendant.

## COMPLAINT

Plaintiff District of Columbia Nurses Association ("DCNA"), by its undersigned counsel, brings this action against Defendant Herman Brown for breaches of his fiduciary duty as former Executive Director of the DCNA and to obtain repayment of loans Brown unlawfully made to himself and to other employees of DCNA. In support of its Complaint, DCNA states as follows:

1. This Court has jurisdiction over this action pursuant to 29 U.S.C. §501 and 28 U.S.C. §1331.

2. Venue is appropriate in this Division of the Court, the violations having occurred in the District of Columbia, where DCNA is based and where the violations occurred.

3. Plaintiff District of Columbia Nurses Association ("DCNA") is an unincorporated labor organization engaged in an industry affecting commerce within the meaning of 29 U.S.C. §402(I) and §402(j). DCNA represents Nurses for the purpose of collective bargaining with employers in the District of Columbia. DCNA has collective bargaining agreements with Children's

National Medical Center, Children's School Services, Howard University Hospital, and United Medical Center. DCNA also represents Nurses employed by the District of Columbia and by the United States Department of Veterans Affairs. DCNA maintains its principal office at 5100 Wisconsin Avenue, NW Suite 306, Washington DC 20016.

4. The DCNA Board of Directors has authorized the filing of this Complaint.

5. Defendant Herman Brown ("Brown") resides at 6423 Spring Forest Road, Frederick, Maryland 21701. He is an attorney licensed to practice in Maryland and the District of Columbia.

6. Brown was employed by the DCNA between September 14, 1998 and May 27, 2014. Between mid-2003 and his discharge, Brown served as DCNA's Executive Director.

7. As DCNA's Executive Director, Brown was a fiduciary of DCNA within the meaning of 29 U.S.C. §501(a). Among his duties as Executive Director, Brown was authorized to prepare checks and to make payments from DCNA's accounts.

8. The Labor-Management Reporting and Disclosure Act ("LMRDA") states, in pertinent part, as follows:

> The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization.

29 U.S.C. §501(a).

9. The LMRDA explicitly prohibits most loans between a labor organization and its officers and employees. It states, in pertinent part, as follows:

> No labor organization shall make directly or indirectly any loan or loans to any officer or employee of such organization which results in a total indebtedness on the part of such officer or employee to the labor organization in excess of $2,000.

29 U.S.C. §503(a). The LMRDA imposes civil and criminal penalties for violation of this provision. 29 U.S.C. §503(c).

10. DCNA never authorized Brown to make loans to himself or to other officers and employees of DCNA regardless of the amount.

11. Starting on April 25, 2005, Brown began making undocumented, interest free loans from DCNA's accounts to himself. By October 2007, the total amount of the outstanding loans exceeded $2,000.

12. Between April 2005 and December 2013, Brown made a total of $143,782.39 in loans and made repayments of $50,415.67. The current outstanding loan amount is $93,366.72.

13. None of the loans were supported by written documents or included interest or repayment schedules.

14. If modest interest of 5% were charged, the outstanding amount as of January 16, 2015 would be $104,448.48.

15. In addition to authorizing and making loans to himself, Brown authorized and made loans to other DCNA employees.

16. By authorizing and paying loans to himself and his co-workers in aggregate amounts less than $2,000, Brown acted without authority from DCNA.

17. By authorizing and paying loans to himself and his co-workers in aggregate amounts exceeding $2,000, Brown violated the fiduciary duty imposed by 29 U.S.C. §501(a) and §503(a).

18. The two co-workers with outstanding loans approved by Brown have acknowledged the amount of their outstanding, have agreed to repay them with interest at 5%, and have agreed to a repayment schedule over several years. The current amount of their outstanding loans is approximately $32,000.

19. Should the two other employees fail or refuse to repay the outstanding balance owed to DCNA, the loss to DCNA can reasonably be attributed to Brown's fiduciary breach.

## CAUSE OF ACTION

20. Brown violated 29 U.S.C. §501 and §503 by authorizing and making loans to himself and to co-workers in aggregate amounts unlawful under the LMRDA.

21. Plaintiff DCNA has been injured by the unlawful loans authorized and made by Brown to himself and co-workers.

22. Plaintiff DCNA has been injured by the unauthorized loans with no interest and no repayment schedule.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court that enter judgment in its favor and that it have and recover of Defendant the following relief:

1. A Declaration that the loans authorized by Brown and paid to himself became unlawful when the aggregate amount outstanding to any employee exceeded $2,000;

2. An Order requiring repayment with interest of the outstanding amount of unlawful loans taken by Brown;

3. An Order determining that Brown is surety or guarantor of the repayment of the loans issued by Brown to his two co-workers; and

4. Costs, including attorney fees, incurred in bringing this action.

Respectfully submitted,

*/s/ Jonathan Axelrod*

Jonathan G. Axelrod (D.C. Bar No. 210245)
H. David Kelly (D.C. Bar No. 471254)
Beins, Axelrod, P.C.
1625 Massachusetts Avenue, N.W.
Washington, DC  20036
telephone: 202-328-7222
telecopier: 202-328-7030
jaxelrod@beinsaxelrod.com
dkelly@beinsaxelrod.com

Counsel for Plaintiff District of Columbia Nurses Association

February 10, 2015