UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA NURSES ASSOCIATION,**<br><br>Plaintiff,<br><br>v.<br><br>**HERMAN BROWN,**<br><br>Defendant. | Civil Action No. 15-203 (JDB) |

## MEMORANDUM OPINION & ORDER

The District of Columbia Nurses Association, a labor organization, has brought this action against Herman Brown, its former Executive Director, alleging that Brown breached his federally codified fiduciary duties to the Association when he made unauthorized loans of its funds to himself and two other officers. See Compl. [ECF No. 1] ¶¶ 17–18. Brown filed a motion to dismiss, asking the Court to compel arbitration of this dispute based on the Association's "past practice, policy and procedures." Def.'s Mot. to Dismiss [ECF No. 6]. Before addressing Brown's motion, however, the Court asked the parties to submit supplemental briefs on the issue of its subject-matter jurisdiction. See May 19, 2015, Order [ECF No. 11]. The Court now concludes that it has subject-matter jurisdiction over the Association's suit, and will deny Brown's motion to dismiss.

## DISCUSSION

The Association brought this action under Section 501 of the Labor-Management Reporting and Disclosure Act of 1959, codified at 29 U.S.C. § 501. See Compl. ¶ 1. Section 501(a) codifies the fiduciary duties that the "officers, agents, shop stewards, and other

1

representatives of a labor organization" owe to their organization and its members. Section 501(b) is titled: "Violation of duties; action by member after refusal or failure by labor organization to commence proceedings; jurisdiction; leave of court; counsel fees and expenses." (emphasis added). It provides that, when an officer of a labor organization is alleged to have violated the duties in Section 501(a), "and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue . . . in any district court of the United States or in any State court of competent jurisdiction" to secure relief for the benefit of the organization.

Section 501's language clearly contemplates that a federal action may be brought by a union member, subject to certain procedural prerequisites. But courts have divided over whether it also allows for a suit by the union itself. Compare Bldg. Material & Dump Truck Drivers, Local 420 v. Traweek, 867 F.2d 500 (9th Cir. 1989) (union cannot sue in federal court), with Int'l Union of Operating Eng'rs, Local 150 v. Ward, 563 F.3d 276 (7th Cir. 2009) (union can sue in federal court), and Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers v. Statham, 97 F.3d 1416 (11th Cir. 1996) (same). Perhaps unsurprisingly, given that Section 501(b) in its title addresses itself in part to "jurisdiction," the courts grappling with this issue have often considered it to be one of subject-matter jurisdiction. [1] In Traweek, for example, the Ninth Circuit concluded that it lacked subject-matter jurisdiction over a Section 501 claim brought by a union. 867 F.2d at

---

[1] These courts do not always elaborate on the link between the union's right to sue and the court's subject-matter jurisdiction. But some have suggested that, because a federal cause of action will suffice to establish a federal court's subject-matter jurisdiction, the absence of a cause of action will suffice to destroy it. See Ward, 563 F.3d at 281–82; see also United Trans. Union v. Bottalico, 120 F. Supp. 2d 407, 410–11 (S.D.N.Y. 2000) ("This court lacks subject matter jurisdiction under § 501 because § 501(b) . . . applies only to union members. The court also lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1333 because both statutes require that federal law create the claim, and for the reasons stated above, § 501 does not create a claim for unions."). By this thinking, questions about the union's cause of action and the court's subject-matter jurisdiction merge.

2

505–07.  Earlier this year, a court in this district did the same.  See Int'l Union, Sec., Police and Fire Prof'ls. of Am. v. Faye, --- F. Supp. 3d ---, 2015 WL 4450119, at *2, 5 (D.D.C. July 16, 2015), appeal docketed, No. 15-7084 (D.C. Cir. Aug. 18, 2015).

That approach, however, is inconsistent with Supreme Court precedent that carefully distinguishes the existence of subject-matter jurisdiction from the scope and validity of a plaintiff's cause of action.  See, e.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 510–16 (2006); Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 642–44 (2002).  "Jurisdiction refers to a court's adjudicatory authority."  Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 160 (2010) (internal quotation marks omitted).  The court's adjudicatory authority extends to "all civil actions 'arising under' the laws of the United States."  Arbaugh, 546 U.S. at 503 (quoting 28 U.S.C. § 1331).  Of course, Congress may exclude from this broad grant of authority certain categories of cases that would otherwise fit within it.  See Verizon, 535 U.S. at 643–44.  But absent some statutory exclusion, district courts have subject-matter jurisdiction over any case where "the right of the [plaintiffs] to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another, unless the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (internal quotation marks and citation omitted).  As long as the complaint raises a federal question, then, "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction."  Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S.Ct. 1377, 1388 n.4 (2014) (internal quotation marks omitted).  Thus, inquiries about "whether the statute at issue confer[s] a 'cause of action' encompassing 'a particular plaintiff's

3

claim'" go, not to subject-matter jurisdiction, but rather to the merits. United States v. Emor, 785 F.3d 671, 677 (D.C. Cir. 2015) (quoting Lexmark, 134 S.Ct. at 1387).

This Court has subject-matter jurisdiction over this suit whether or not Section 501 affords the Association a private right of action. The Association's right to recover depends upon whether Section 501 gives unions the right to sue, and the answer to that question depends upon the construction of a federal statute. Hence, the Association's suit arises under federal law. See Steel Co., 523 U.S. at 89–90. And although Section 501(b) employs the word "jurisdiction" in its title, it does not evidence Congressional intent to exclude a category of cases from the Court's subject-matter jurisdiction under 28 U.S.C. § 1331. "Jurisdiction . . . is a word of many, too many, meanings," Steel Co., 523 U.S. at 90 (internal quotation marks omitted), and thus "even a statutory provision that uses the word 'jurisdiction' may not relate to 'subject-matter jurisdiction,'" Verizon, 535 U.S. at 644 (describing analysis in Steel Co., 523 U.S. at 90–91). By addressing itself to who may bring an action and when they may do so, Section 501(b) "reads like the conferral of a private right of action," Verizon, 535 U.S. at 644, speaking more to the rights of the parties than to the Court's authority, see Reed Elsevier, 559 U.S. at 160–61.

Hence, the Court concludes that it has subject-matter jurisdiction over this case. Although the parties disagree about whether the Association has a valid cause of action under Section 501, that issue is non-jurisdictional in nature and has not been properly raised by motion at this time. The Court, therefore, will refrain from resolving it now, and will turn instead to Brown's motion to dismiss.

Brown's (one sentence) motion requests "an order dismissing this action pending arbitration and compelling [p]laintiff to proceed to arbitration pursuant to an arbitration policy at [the D.C. Nurses Association]." Def.'s Mot. at 1. Brown has not submitted any documentary

4

evidence with his motion.  Nonetheless, he asserts that the Association's "past practice, policy and procedures" support his request for arbitration.

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). "[A] party cannot be compelled to arbitrate any matter in the absence of a contractual obligation to do so." Wolff v. Westwood Mgmt., LLC, 558 F.3d 517, 520 (D.C. Cir. 2009) (internal quotation marks omitted). When determining whether such a contract exists, "'the appropriate standard of review for the district court is the same standard used in resolving summary judgment motions' pursuant to Federal Rule of Civil Procedure 56(c)." See Haire v. Smith, Currie & Hancock LLP, 925 F. Supp. 2d 126, 129 (D.D.C. 2013) (quoting Aliron Int'l, Inc. v. Cherokee Nation Indus., Inc., 531 F.3d 863, 865 (D.C. Cir. 2008)). "Arbitration shall be compelled if there is no genuine issue of fact concerning the formation of the agreement to arbitrate." Hill v. Wackenhut Servs. Int'l, 865 F. Supp. 2d 84, 89 (D.D.C. 2012) (internal quotation marks omitted); see also Bailey v. Fed. Nat'l Mortg. Ass'n, 209 F.3d 740, 746 (D.C. Cir. 2000) ("[T]he party asserting the existence of a contract has the burden of proving its existence.").

Brown has come forward with no evidence suggesting that he and the Association agreed to arbitrate the issues underlying this case. The Association, on the other hand, has supplied some evidence indicating that no relevant agreement, practice, policy, or procedure exists. See Aff. of Edward Smith [ECF No. 10-1] ¶¶ 3, 7; Ex. 3 to Pls.' Resp. [ECF No. 10-3]. The Court, therefore, has no basis on which to conclude that the Association agreed to arbitrate this dispute, and "a party cannot be compelled to arbitrate any matter in the absence of a contractual obligation to do so." Wolff, 558 F.3d at 520. In short, Brown has failed to carry his burden of showing the existence of an agreement to arbitrate.

This opinion does not decide whether the Association has a valid cause of action under Section 501. If Brown wishes to argue that it does not, he should file a motion consistent with Federal Rule of Civil Procedure 12(h)(2) by not later than February 1, 2016. See <u>DSMC, Inc. v. Convera Corp.</u>, 273 F. Supp. 2d 14, 23 (D.D.C. 2002) ("Rule 12(h)(2) does allow a motion for judgment on the pleadings that asserts the defense of failure to state a claim to be filed at any time, even after a previous motion to dismiss has been filed . . . .").

Thus, it is hereby **ORDERED** that [6] defendant's motion to dismiss is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: <u>January 4, 2016</u>