# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**DISTRICT OF COLUMBIA NURSES ASSOCIATION,**

      **Plaintiff,**

      **v.**

**HERMAN BROWN,**

      **Defendant.**

**Civil Action No. 15-203 (JDB)**

## MEMORANDUM OPINION & ORDER

The District of Columbia Nurses Association, a labor organization, alleges that Herman Brown, its former Executive Director, violated Section 501(a) of the Labor-Management Reporting and Disclosure Act when he made unauthorized loans of the Association's funds to himself and two other officers. Compl. [ECF No. 1] ¶¶ 17–18. Brown has moved for judgment on the pleadings, arguing that the Association's complaint fails to state a claim upon which relief can be granted. Def.'s Mot. [ECF No. 17]. For the reasons below, that motion will be denied.

## BACKGROUND

According to the Association's complaint, Brown served as its Executive Director from mid-2003 to mid-2014. Compl. ¶ 6. About two years after assuming his office, Brown began loaning himself money out of the Association's accounts. Id. ¶ 11. The loans were "interest free" and "undocumented"; none "were supported by written documents or included interest or repayment schedules." Id. ¶¶ 11, 13. Although Brown did possess some authority to write checks on the Association's accounts, id. ¶ 7, the Association asserts that it "never authorized Brown to make loans to himself," id. ¶ 10. Brown also allegedly made unauthorized loans to two of his co-

workers.  Id. ¶¶ 15–16.  These individuals  have now agreed to repay their debts.  See id. ¶ 18.  But even still, once all the outstanding  loans are tallied, the Association  claims to be out more than $100,000  as a result of Brown's unauthorized  lending.  See id. ¶¶ 12, 18.

## LEGAL STANDARD

"The appropriate  standard  for reviewing  a motion  for judgment  on the pleadings  is the same as that applied  to a motion  to dismiss  under Rule 12(b)(6) for failure to state a claim upon which relief can be granted."  Robinson-Reeder  v. Am. Council on Educ., 532 F. Supp. 2d 6, 12 (D.D.C. 2008).  A Rule 12(b)(6) motion  to dismiss  tests the legal sufficiency  of the plaintiff's complaint.  Browning  v. Clinton,  292 F.3d 235, 242 (D.C. Cir. 2002).  Although  a plaintiff  need not set forth "detailed  factual allegations"  to withstand  a Rule 12(b)(6) motion,  in order to establish the "grounds"  of his "entitlement  to relief," a plaintiff  must furnish  "more than labels and conclusions"  or "a formulaic  recitation  of the elements  of a cause of action."  Bell Atl. Corp. v. Twombly,  550 U.S. 544, 555 (2007) (internal  quotation  marks and brackets  omitted).  The complaint  must contain  sufficient  factual matter to state a claim to relief that is plausible  on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  And the court "must accept as true all of the factual allegations  contained  in the complaint."  Erickson  v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## DISCUSSION

Section 501(a) "makes union officers fiduciaries  of union funds and commands  that they keep and use those funds solely for the benefit  of the organization  and its members."  Noble v. Sombrotto,  525 F.3d 1230, 1233 (D.C. Cir. 2008) (per curiam).  Specifically,  it forbids  a union officer "from dealing  with [his union]  as an adverse  party," or from "acquiring  any pecuniary  or personal  interest  which conflicts  with" the union's  interests.  29 U.S.C. § 501(a).  The D.C. Circuit

has "not yet given precise content to [Section] 501's fiduciary duties." <u>Noble</u>, 525 F.3d at 1240. But generally, union officers will only be liable for a breach of fiduciary duty "when acting beyond their authority." [1] <u>Guzman v. Bevona</u>, 90 F.3d 641, 645 (2d Cir. 1996). Hence, one important touchstone for any Section 501 analysis is whether the alleged self-dealing transactions were authorized by the union. <u>See, e.g.</u>, <u>Noble</u>, 525 F.3d at 1235–39 (examining whether payments to union officers were authorized by the union's constitution).

Accepting the complaint's allegations as true, the Association states a claim upon which relief can be granted. Brown, as Executive Director, was a union "officer" within the meaning of the statute and therefore subject to its fiduciary duties. By loaning himself money from the Association's accounts, he has dealt with it as an "adverse party." <u>See</u> 29 U.S.C. § 501(a); <u>see also</u> Restatement (Third) of Agency, § 8.03 cmt. b ("When an agent deals with the principal on the agent's own account, the agent's own interests are irreconcilably in tension with the principal's interests . . . ."). And the Court must also accept as true the Association's factual allegation that these loans were unauthorized. [2] <u>See</u> Compl. ¶¶ 10, 16. Thus, the Association has adequately alleged that Brown breached a fiduciary duty through unauthorized, self-dealing transactions. Its complaint is legally sufficient and will not be dismissed.

Brown does not offer any authority in support of dismissal. Instead, he protests on a number of factual grounds, stating that he did not make the loans in question; that any expenditures he <u>did</u> make were consistent with the Association's personnel practices; that he disclosed his

---

[1] In some circuits, union-authorized transactions may also violate Section 501 if "the officer personally benefited from the expenditure" and "the expenditure was manifestly unreasonable." <u>Guzman</u>, 90 F.3d at 645–46 (internal quotation marks omitted). The D.C. Circuit has never expressly endorsed this interpretation. <u>See Noble</u>, 525 F.3d at 1240.

[2] The Association has also alleged that Brown's loans were "undocumented." <u>Id.</u> ¶ 11. "[A]uthorization secured without disclosure of material information is a nullity." <u>United States v. DeFries</u>, 129 F.3d 1293, 1307 (D.C. Cir. 1997) (internal quotation marks and alteration omitted). If Brown failed to document material information about the loans, it becomes much less likely that they were effectively authorized by the Association.

conduct during the Association's annual audit; that the Association's Board and Treasurer were aware of (and consented to) his expenditures; and, therefore, that he does not owe the Association any money.  See Def.'s Mot. 1–3.  But, as the Association correctly points out, the "Court cannot resolve these fundamental questions of fact on a motion to dismiss."  Bain v. Gary, Williams, Parenti, Watson & Gary, P.L., 53 F. Supp. 3d 144, 149 (D.D.C. 2014).  If Brown wishes to demonstrate that his version of events is the correct one, he must participate in the discovery process.

**CONCLUSION & ORDER**

Accordingly, upon consideration of [17] defendant's motion for judgment on the pleadings, [19] plaintiff's response, and the applicable law, it is hereby

**ORDERED** that [17] defendant's motion for judgment on the pleadings is **DENIED**.

A separate order setting a schedule for further proceedings in this case will follow.

**SO ORDERED**.

_____/s/_____
JOHN D. BATES
United States District Judge

Dated: February 17, 2016